**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA**
        Plaintiff,

  v.                                              Case No. 05-CR-27

**THEODORE MILNE**
        **Defendant.**

---

## DECISION AND ORDER ON RESTITUTION

Defendant Theodore Milne pleaded guilty to bank fraud. At sentencing, defendant argued that based on a civil settlement he had reached with the victim-bank I should impose no restitution. I held open the determination of restitution under 18 U.S.C. § 3664(d)(5) and invited the parties to submit briefs on the issue. They have now done so, and the matter is ready for decision.

### I.  FACTS

Defendant, the operator of an auto dealership, acquired a line of credit from Associated Bank, which was secured by the assets of the business, including defendant's fleet of cars. According to the terms of the loan agreement, when he sold a car defendant was supposed to pay down the loan. Unbeknownst to the Bank, defendant sold many of the cars securing the loan, ultimately causing a loss of more than $500,000 when the dealership folded.

The Bank obtained a civil judgment against defendant in the amount of $603,000, but later agreed to settle and discharge the debt for a payment of $36,862. The settlement agreement, executed on July 29, 2002, provided that the Bank would:

> [R]elease and forever discharge Theodore and Brenda Milne, their respective heirs, personal representatives and assigns . . . of and for all manner of action and actions, cause and causes of action, suits, damages, judgments, executions, claims and demands whatsoever, whether known or unknown, in law or in equity, which Associated ever had, now has, or which successors and assigns of Associated, hereafter can, shall, or may have against the Milnes based on claims arising prior to or as of the date of this Release.

(R. 17 at 6.)

In January 2005, defendant was indicted on five counts of bank fraud, and on May 3, 2005, he entered a plea of guilty to count five pursuant to an agreement with the government. As is pertinent to the restitution issue, the parties' plea agreement stated:

> The defendant agrees to make full restitution as determined by the sentencing court to Associated Bank, which was the victim of the defendant's fraud. The defendant understands that because restitution for the offense charged is mandatory, the amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

(R. 7 [Plea Agreement] at 12-13 ¶ 30.)

## II. DISCUSSION

### A. MVRA Standard

Under the Mandatory Victims Restitution Act ("MVRA"), the court must, in addition to any other penalty authorized by law, order the defendant to make restitution to the victim(s) of certain crimes, including offenses against property committed by fraud or deceit. 18 U.S.C. § 3663A(a)(1) & (c)(1)(A)(ii). Bank fraud is a covered offense. United States v. Farr, 419 F.3d 621, 623 (7th Cir. 2005).

The MVRA requires restitution "in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3663(f)(1)(A); see also United States v. McIntosh, 198 F.3d 995, 1003 (7th Cir. 2000). However, restitution is proper only for losses directly caused by the defendant's specific criminal conduct. See United States v. Shepard, 269 F.3d 884, 887 (7th Cir. 2001); see also United States v. Behrman, 235 F.3d 1049, 1053 (7th Cir. 2000). Further, victims may not via a restitution order recover twice for the same loss, see United States v. Parsons, 141 F.3d 386, 393 (1st Cir. 1998), and the defendant is entitled to an offset for any amount paid pursuant to civil proceedings, see 18 U.S.C. § 3664(j)(2).

**B.    Effect of Plea Agreement**

I must first determine the effect of defendant's agreement to pay restitution in the plea agreement. In United States v. Pappas, 409 F.3d 828, 829 (7th Cir. 2005), the defendant similarly argued that a civil settlement with the victim of his crime precluded a restitution order under the MVRA. His plea agreement stated:

> The defendant agrees to pay restitution for all losses relating to the offense of conviction and all losses covered by the same course of conduct or common scheme or plan as the offense of conviction, in an amount to be determined by the Court. In particular, the defendant agrees to pay [Game Cash] restitution in the amount of $ 69,095 or such other amount as may be determined by the Court.

Id. at 830. The court held that by entering into this agreement with the government the defendant waived any argument that his restitution obligation was extinguished by a civil settlement.[1]  Id.

---

[1]The civil settlement in Pappas post-dated the plea agreement. Nevertheless, the court held the defendant to his agreement, noting that he assumed the risk that future developments might make it a less attractive bargain.

3

I reach the same result in the present case. Defendant agreed to make restitution to Associated Bank in the amount determined by the court. He did so even after he had entered into a different agreement with the Bank in the civil proceeding. He cannot now argue that the first agreement trumps the second. Therefore, consistent with the parties' plea agreement, I will enter an order of restitution.

**C.    Merits**

Even if defendant's argument has not been waived, I would reject it on the merits. The courts which have addressed this issue:

> have generally held that "a release by the victim does not preclude or cap restitution of losses as part of criminal sentencing in a case where there is no double recovery." United States v. Parsons, 141 F.3d 386, 393 (1st Cir. 1998) (citing United States v. Savoie, 985 F.2d 612, 619 (1st Cir. 1993)); see also United States v. Sheinbaum, 136 F.3d 443, 448 (5th Cir. 1998) (concluding "that district courts possess the discretion to impose restitution orders in spite of civil settlements" because of "the rehabilitative and retributive functions" of restitution); United States v. Vetter, 895 F.2d 456, 459 (8th Cir. 1990) (holding that a district court may order restitution despite a settlement agreement); United States v. Hairston, 888 F.2d 1349, 1355 (11th Cir. 1989) (holding that the dismissal of a civil action in state court does not preclude a restitution order on the same claim); United States v. Cloud, 872 F.2d 846, 854 (9th Cir. 1989) ("Despite the existence of settlement agreements among the parties, the district court was authorized . . . to order Cloud to pay restitution to the insurance company in this case.").

United States v. Bearden, 274 F.3d 1031, 1041 (6th Cir. 2001); see also United States v. Johnson, No. 00-4009, 2002 U.S. Dist. LEXIS 9998, at *7 (D. Kan. Apr. 23, 2002) (following Bearden in MVRA case).

As the government concedes, these courts have often relied on the notion that because restitution is ordered by a criminal court – and is essentially punitive rather than compensatory in nature – the actions of private parties in civil proceedings cannot limit the court's authority to impose restitution. See Johnson, 2002 U.S. Dist. LEXIS 9998, at *8-9.

4

This rationale is in some tension with the Seventh Circuit's characterization of restitution as civil in nature (although imposed by a criminal court).  See, e,g., United States v. Pree, 408 F.3d 855, 875 (7th Cir. 2005) (citing United States v. George, 403 F.3d 470, 473 (7th Cir. 2005); United States v. Behrman, 235 F.3d 1049, 1054 (7th Cir. 2000); United States v. Bach, 172 F.3d 520, 523 (7th Cir. 1999); United States v. Newman, 144 F.3d 531, 537-42 (7th Cir. 1998)).[2]  However, to extend the Seventh Circuit's civil remedy analogy into this context and thus allow a private settlement to thwart a restitution order would be contrary to the plain language of the restitution statutes.  The MVRA directs that the court "shall order . . . that the defendant make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1) (emphasis added).  The court must do so "without consideration of the economic circumstances of the defendant" and "[i]n no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution."  18 U.S.C. § 3664(f)(1).  This language makes clear that Congress intended restitution orders to be imposed in all covered cases, notwithstanding any private arrangement between the defendant and the victim or others.  The Bank was, in the civil action, willing to accept pennies on the dollar given defendant's limited resources and financial prospects.  But under § 3664, the court cannot entertain similar concerns.

---

[2]In these cases, the Seventh Circuit was addressing Ex Post Facto and Apprendi challenges to restitution orders.

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant shall make restitution to Associated Bank in the amount of $541,418.[3] In consideration of defendant's ability to pay, I will order that defendant make payments in the amount of not less than $100 per month, commencing 60 days after his release from prison.

Dated at Milwaukee, Wisconsin, this 3rd day of November, 2005.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[3] This is the figure asserted by the government, which defendant has not specifically challenged, and it appears to include an offset for the amount previously paid.